## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES T. DHALLUIN,          ) | |
|                    ) | |
|      Petitioner,     ) | |
|                    ) | |
|    vs.           ) | **Case No. CIV-08-216-M** |
|                    ) | |
| RANDALL G. WORKMAN, Warden, ) | |
|                    ) | |
|      Respondent.    ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking habeas relief from his state court conviction. United States District Judge Vicki Miles-LaGrange has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The petition has been promptly examined in accordance with Rule 4 of the Rules Governing Section 2254 Cases. For the following reasons, it is recommended that the petition be dismissed upon filing.

By this action, Petitioner challenges his conviction following a jury trial on one count of driving a motor vehicle while under the influence of alcohol after former conviction of a felony, for which he was sentenced to a six-year term of imprisonment. Case No. CF-2005-217, District Court of Custer County, Docket; Petition, p. 2.[1] Petitioner's conviction and

---

[1] The cited page number is the pre-printed number in the upper right hand corner of the petition. Thus, page 2 is actually the first page of the petition. Petitioner was also convicted of the misdemeanor offense of driving with a suspended license, but since he only received a fine, he is not "in custody" on that conviction. Fields v. Oklahoma, No. 07-6052, 243 Fed. Appx. 395 (10th Cir., July 5, 2007); Phelps v. Barbara, No. 97-3385, 1998 WL 703433 at *2 (10th Cir. Oct. 7, 1998); Sandoval v. Municipal Court, No. 97-2098, 1998 WL 30240 at *1 (10th Cir., Jan 9, 1998) (unpublished dispositions cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.)

sentence was affirmed on direct appeal.  <u>Dhalluin v. State</u>, No. F-2006-255 (Okla. Crim. App. July 12, 2007) (attached to Petition as Ex. 5); Petition, p. 3.  Petitioner did not seek state post-conviction relief.  Petition, p. 4.

Petitioner raises four grounds for relief.  In Ground One, Petitioner alleges his Fourteenth Amendment right to due process was violated because the State failed to introduce evidence of all the elements of felony driving under the influence, including the existence of a prior final conviction for driving under the influence.  Petition, p. 6.  In Ground Two, Petitioner claims a violation of his right to due process occasioned by the use of a non-final prior driving under the influence conviction to support a sentencing enhancement.  <u>Id.</u> at 7.  As his third ground of relief, Petitioner claims ineffective assistance of trial and appellate counsel.  <u>Id.</u> at 9.  Finally, in Ground Four, Petitioner claims prosecutorial misconduct denied him the right to a fair trial.  <u>Id.</u> at 11.

Section 2254(b)(1) generally requires a state prisoner to exhaust state court remedies prior to commencing a federal habeas action.  In the Tenth Circuit, a petitioner may satisfy the exhaustion requirement by showing either "that a state appellate court has had the opportunity to rule on the same claim presented in federal court or that at the time he filed his federal petition, he had no available state avenue of redress."  <u>Miranda v. Cooper</u>, 967 F.2d 392, 398 (10th Cir. 1992) (citation omitted); <u>see also</u> 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure,

the question presented.").  The petitioner bears the burden to show that state court remedies have been exhausted.  <u>Hernandez v. Starbuck</u>, 69 F.3d 1089, 1092 (10th Cir. 1995).

Petitioner attached to the petition the summary opinion issued by the Oklahoma Court of Criminal Appeals in his direct appeal.  <u>See</u> Petition, Ex. 5.  The opinion indicates Petitioner raised seven propositions: 1) sufficiency of the evidence, 2) error in admitting the result of a horizontal gaze nystagmus test into evidence, 3) irrelevant, improper, and misleading argument that emphasized probationary time and indicated the time actually served might be less than the sentence imposed, 4) prosecutorial misconduct, 5) excessive sentence, 6) an improper victim compensation assessment, and 7) cumulative error.  <u>Id.</u> at Ex. 5, pp. 1-2.  A comparison of the Oklahoma Court of Criminal Appeals' opinion and the Grounds of the petition demonstrates that Petitioner has not exhausted all of the claims asserted in the petition.

For example, in connection with Ground One, Petitioner explains that the prosecution failed to plead and prove the existence of a final, prior driving under the influence conviction, which Petitioner contends must be proven to obtain a conviction  for felony driving under the influence.  <u>Id.</u> at 6.  The Court of Criminal Appeals' opinion does not explain the facts and arguments underlying Petitioner's propositions of error on direct appeal, but it does not appear that Petitioner raised the due process claim presented in Ground One on direct appeal.  <u>See id.</u> at Ex. 5, p. 2.  Indeed, on the petition form Petitioner himself indicates the issue was not presented on direct appeal.  <u>Id.</u> at 6.  Since Petitioner did not seek

state post-conviction relief in state court, Ground One has not been presented to a state court for review and is unexhausted.

As to Ground Two, Petitioner explains that the prosecution relied upon his driving under the influence convictions in Custer County Case Nos. CF-2003-210[2] and CM-1999-299 for a sentencing enhancement, and introduced the judgments and sentences entered in those actions. However, according to Petitioner, the State did not introduce any evidence that the prior driving under the influence crimes occurred, or evidence demonstrating the finality of the prior convictions.  Petition, pp. 7-8.  Again, though the facts underlying all of Petitioner's arguments in his direct appeal are not entirely clear from the Oklahoma Court of Criminal Appeals' opinion, it does not appear that Petitioner raised this argument before them.  See id. at Ex. 5, pp. 2-3.  Petitioner states that he raised this issue on direct appeal, but he seems to claim that while his appellate attorney did not raise the issue, it is a jurisdictional claim and the Oklahoma Court of Criminal Appeals had the entire record before it.  Id. at 8.  Thus, it is not apparent whether the claims raised in Ground Two have been exhausted.

In support of Ground Three, Petitioner alleges several instances of trial and appellate counsel's ineffectiveness.  See id. at 9-9--3.  The summary opinion from Petitioner's direct appeal indicates Petitioner did not raise trial counsel's ineffectiveness as a separate

---

[2] The undersigned was unable to locate Case No. CF-2003-210 as one of Petitioner's convictions in the publicly accessible Oklahoma District Court dockets available on the internet, but the undersigned did find a felony driving under the influence conviction in Case No. CF-2002-301, District Court of Custer County.  Further, the conviction in Case No. CF-2002-301 is alleged in the Supplemental Information as one of Petitioner's prior convictions.  See Petition, Ex. 1.  Thus, the undersigned assumes this is the conviction Petitioner means.

proposition of error, but might have advanced an ineffective assistance argument in connection with his prosecutorial misconduct and improper jury argument claims. Id. at Ex. 5, p. 3.[3]  But since Petitioner did not seek post-conviction relief to argue ineffective assistance of appellate counsel, the claims presented in Ground Three are not all exhausted.

Finally, in Ground Four, Petitioner alleges prosecutorial misconduct stemming from the prosecutor's alleged concealment of the non-final status of his prior driving under the influence conviction from Custer County Case No. CF-2002-301, the prosecutor's solicitation of assurances from veniremen that they would set aside sympathy for Petitioner's health condition, and the prosecutor's closing argument wherein the State attempted to inflame the jury by misstating law and arguing facts outside the evidence.  Petition, pp. 11-11- - 5.  Petitioner asserts these issues were presented on direct appeal, and the Oklahoma Court of Criminal Appeals' opinion indicates Petitioner did raise propositions of error complaining of improper jury argument and prosecutorial misconduct.  See id. at 11; Ex. 5, pp. 2, 3.

As can be seen from the above, at least some of the Grounds asserted in the petition were presented to the Oklahoma Court of Criminal Appeals on direct appeal, but others were not, and Petitioner has not sought state post-conviction relief.  Therefore, the petition contains both exhausted and unexhausted claims.

---

[3]The Oklahoma Court of Criminal Appeals stated that it found no improper arguments or prosecutorial misconduct that would amount to plain error and no ineffective assistance by defense counsel for failing to raise objections.  Petition, Ex. 5, p. 3.

As the petition contains both exhausted and unexhausted claims, it is a 'mixed petition. Pliler v. Ford, 542 U.S. 225, 227 (2004) (quotation omitted). When a district court is presented with a mixed petition, it must "either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits." Moore v. Schoeman, 288 F.3d 1231, 1235 (10th Cir. 2002) (discussing options in light of § 2254(b)); see also Rose v. Lundy, 455 U.S. 509, 510 (1982) ("district court must dismiss such 'mixed petitions' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court."). Additionally, "in limited circumstances," a federal court may stay a mixed petition pending exhaustion of state court proceedings if the petitioner establishes "good cause" for the failure to first exhaust the claims in state court and they are not "plainly meritless." Rhines v. Weber, 544 U.S. 269, 277 (2005).

Petitioner has not established good cause for his failure to exhaust his claims in state court, or demonstrated that they are not plainly meritless. Under these circumstances, a stay is not appropriate. Thus, the petition must be dismissed, leaving the Petitioner with the option of returning to state court to exhaust his claims or amending the petition to present only his exhausted claims for determination on the merits. Dismissing the petition to permit exhaustion should not prejudice Petitioner.

A habeas petitioner generally has one year from the date his conviction becomes "final" in which to file a petition for federal habeas review. See 28 U.S.C. § 2244(d)(1)(A). Because Petitioner directly appealed his conviction, it became "final" on October 10, 2007,

90 days after the Oklahoma Court of Criminal Appeals issued its summary opinion and the time for seeking certiorari in the Supreme Court expired. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). Accordingly, the limitations period during which Petitioner may file a federal habeas petition will expire October 11, 2008. See Haws v. Jorgensen, No. 05-4141, 219 Fed. Appx. 781, 783 (10th Cir. March 14, 2007) ("Haws' conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004." (footnote omitted) (citing United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003)).[4] Moreover, although Petitioner is not entitled to statutory tolling during the time the instant petition has been pending before this court, Duncan v. Walker, 533 U. S. 167, 181-82 (2001); York v. Galetka, 314 F.3d 522, 524 (10th Cir. 2003), he is entitled to statutory tolling for the period during which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2241(d)(2). Thus, so long as Petitioner does not engage in unreasonable delays in pursuing state post-conviction relief or filing another federal habeas petition after his claims have been exhausted in state court, any subsequently filed federal habeas petition will not be barred by the statute of limitations.

Alternatively, if Petitioner amends his petition to dismiss his unexhausted claims, he will most likely forego the opportunity to seek federal habeas relief based upon those claims. In that event, any subsequent habeas petition attacking his conviction in Custer

---

[4] This unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

County Case No. CF-2005-217 may be characterized as "second and successive" which would require the Tenth Circuit Court of Appeals' pre-authorization to proceed.  <u>See</u> 28 U.S.C. § 2244(b); <u>see also</u> <u>Tapia v. Lemaster</u>, 172 F.3d 1193, 1194- 96 (10th Cir. 1999); <u>Brown v. Shanks</u>, 185 F.3d 1122, 1125 n.4 (10th Cir. 1999).

## <u>RECOMMENDATION</u>

For the foregoing reasons, it is recommended that the petition be dismissed upon filing as a "mixed petition.".  Petitioner is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by May 8, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Petitioner is advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein.  <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 18th day of April, 2008.

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE